UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-cr-0078(1) (JNE/TNL) |
| Plaintiff, | |
| v. | ORDER |
| Daniel Alejandro Vela, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Compassionate Release from Custody under 18 U.S.C. § 3582(c)(1)(A). ECF No. 57. The Court denies the motion for the reasons stated below.

## BACKGROUND

From at least as early as March 2015 through April 2016, Defendant distributed methamphetamine in Minnesota. ECF No. 30 at 2. In April 2015, a government informant conducted a controlled purchase of methamphetamine from Defendant in Bloomington, Minnesota. *Id.* Defendant also admits that he was the source of methamphetamine that his customers sold in northwestern Minnesota in 2016. *Id.*

On October 13, 2017, Defendant pleaded guilty to conspiracy to distribute methamphetamine. ECF No. 47. The Court sentenced Defendant to 120 months' imprisonment, to be followed by five years' supervised release. *Id.* Defendant has satisfied approximately 57% of his sentence, if considering Defendant's Good Credit Time of 15%. ECF No. 65 at 1. Defendant is now in the custody of the Federal Bureau

1

of Prisons (BOP) at the Federal Prison Camp in Duluth, Minnesota ("FPC- Duluth"). ECF No. 57 at 6.

Defendant seeks compassionate release based on "extraordinary and compelling reasons," pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *Id.* at 4. Defendant tested positive for COVID-19 on November 16, 2020. ECF No. 65-1 at 3. Defendant claims that he suffers from "Long COVID" and that staff at FPC- Duluth have been unable and unwilling to treat his lingering symptoms. ECF No. 57 at 5. Defendant asserts that compassionate release would enable him not only to receive proper medical care, but also to care for his wife and children. *Id.* Defendant offers documentation of hypertension. ECF No. 65-1 at 3. His body mass index is above 30 (as confirmed by a medical assessment in April 2021, ECF No. 63 at 29), and he claims to have breathing difficulties, spots on his lungs, "fogg[i]ness," loss of memory, and balance issues. ECF No. 65 at 2. The government opposes the motion, arguing that Defendant has not shown extraordinary and compelling reasons, and that the general sentencing factors at 18 U.S.C. § 3553(a) counsel against compassionate release. ECF No. 61 at 13.

## DISCUSSION

A court "may not modify a term of imprisonment once it has been imposed" except pursuant to certain statutory exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release. *Id.* § 3582(c)(1)(A). The defendant has the burden of establishing he or she is eligible for compassionate release. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). A defendant may seek relief directly from the court after the defendant has "fully exhausted all administrative rights to appeal a failure of the

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).  Defendant's motion is properly before the Court because Defendant declares that BOP denied his request for release on April 8, 2021. ECF No. 57 at 3.

After considering the applicable sentencing factors in 18 U.S.C. § 3553(a), a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*  The Sentencing Commission has published a policy statement defining what reasons are so "extraordinary and compelling" as to justify a defendant's release.  U.S.S.G. § 1B1.13 cmt. n.1.  These reasons include a medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, cmt. n.1(A)(ii).  Other reasons include a defendant's age and "serious deterioration"; the death or incapacitation of the caregiver of the defendant's minor child or minor children; and further reasons as determined by the Director of the BOP. *Id.* § 1B1.13, cmt. n.1.

At the time the policy statement was written, only the BOP could request compassionate release on a defendant's behalf.  The Sentencing Commission has not published a policy statement defining "extraordinary and compelling" reasons since Congress made compassionate release available on a motion by a defendant.  *See id.* § 1B1.13; *United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020); *United States v.*

*Rodd*, 966 F.3d 740, 746 (8th Cir. 2020).  Courts have disagreed over whether the current policy statement, § 1B1.13, and its application notes apply to compassionate release motions by defendants.  *Rodd*, 966 F.3d at 745.  Several courts of appeals have held that § 1B1.13 does not apply to compassionate release motions by defendants.  *E.g.*, *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).  The Eighth Circuit has not resolved the issue.  *Loggins*, 966 F.3d at 892; *Rodd*, 966 F.3d at 747; *see also United States v. Gater*, No. 20-2158, 2021 WL 2069968, at *2, 2021 U.S. App. LEXIS 15325 at *4 (8th Cir. May 24, 2021) (per curiam).

To the extent that the existing policy statement defining "extraordinary and compelling" reasons for release still guides the Court's analysis, Defendant's circumstances do not satisfy any of the policy statement's reasons.  No evidence suggests that Defendant's claimed "long COVID" is a terminal illness, or that his symptoms substantially diminish his ability to care for himself.  *See* U.S.S.G. § 1B1.13 cmt. n.1(A).  To the contrary, Defendant claims that upon release he would be able to act as a caregiver for his wife and children.  ECF No. 57 at 5.  Nor does Defendant indicate that he would be the only caregiver available for his children, so as to satisfy the policy statement's provision regarding family circumstances.  *Id.* at 4; *see* U.S.S.G. § 1B1.13 cmt. n.1(C).  He is more than two decades too young to qualify for age-related compassionate release.  *See* ECF No. 63 at 1; U.S.S.G. § 1B1.13 cmt. n.1(B).

Furthermore, the Court need not decide whether the existing policy statement governs this motion, because Defendant has not shown "extraordinary and compelling" circumstances even under a more expansive interpretation of that phrase. Defendant claims that the BOP is unable and unwilling to treat the continuing symptoms of COVID-19 that he claims to experience. ECF No. 57 at 5. But Defendant provides no evidence to substantiate this assertion. *See id.*; ECF No. 65. In fact, Defendant's medical records show that Health Services staff at FPC- Duluth have evaluated and treated him for his COVID-19 infection and for his ongoing complaints. ECF No. 63.

Defendant appears to argue that his risk of a future COVID-19 infection at FPC- Duluth also creates "extraordinary and compelling" circumstances. ECF No. 65. But Defendant has not shown that he faces any extraordinary risk. Defendant previously contracted COVID-19. ECF No. 65-1 at 3. According to the Centers for Disease Control and Prevention ("CDC"), "[c]ases of reinfection with COVID-19 have been reported, but remain rare." *Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Aug. 6, 2021). And although Defendant claims that FPC- Duluth has deficient COVID-19 prevention measures and a scarcity of COVID-19 vaccines, ECF No. 65 at 1, Defendant already received a COVID-19 vaccine on April 28, 2021, ECF No. 63 at 43.

Even if Defendant becomes reinfected, he has not shown that his risk of severe illness is extraordinary relative to the general population's risk. Defendant identifies his hypertension as a risk factor for severe COVID-19. The CDC regards hypertension as "possibly" increasing the likelihood of severe illness from COVID-19. *People with*

5

*Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 20, 2021). But hypertension is a common condition and therefore does not render Defendant's circumstances "extraordinary." *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021). Nor does Defendant's high body mass index present a compelling reason for release. *See United States v. Carlson*, No. CR. 19-50047-JLV, 2021 WL 1820239, at *5 (D.S.D. May 6, 2021) (finding that hypertension and obesity did not create an "extraordinary and compelling" reason to release someone previously infected with COVID-19). Moreover, Defendant's hypertension and high body mass index predated his diagnosis with COVID-19, ECF No. 62 at 28, 54, and apart from claiming a long duration of certain symptoms, he has not shown that that infection was unusually severe, *id.* at 17-24, 27-29. Defendant's medical records do not support his claim of lung abnormalities. ECF No. 65-1; ECF Nos. 62-63. The other conditions he claims to suffer are not recognized by the CDC as increasing his risk from COVID-19, *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 20, 2021), and he cites no other authority indicating that they are risk factors. In sum, the Court recognizes the seriousness of the COVID-19 pandemic but is not persuaded that Defendant faces an extraordinary risk.

The general sentencing factors at 18 U.S.C. § 3553(a) also counsel against releasing Defendant. These factors include the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). Here, the

offense for which Defendant is incarcerated involved widespread drug distribution. ECF No. 30 at 2. The Presentence Investigation Report recounts a lengthy criminal history, including one offense involving a firearm and another involving a previous drug sale. ECF No. 35 at 13-14. Defendant's sentence is necessary to promote respect for the law and to afford adequate deterrence against criminal conduct. *See* 18 U.S.C. § 3553(a)(2).

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion for Compassionate Release from Custody [ECF No. 57] is DENIED.

Dated: September 3, 2021

*s/   Joan N. Ericksen*
JOAN N. ERICKSEN
United States District Judge